# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALBERT O. DAVIS, | ) | |
|       Plaintiff, | ) | |
| v. | ) | Case No. CIV-09-114-D |
| | ) | |
| WARDEN ERIC FRANKLIN, DARREL | ) | |
| WILLIAMS, MS. WALL, MS. GOODSON, | ) | |
| MS. DAVIS, MS. STANFORD, K. BROOKS, | ) | |
| MS. MCKINZIE, and DEANN LNU, | ) | |
| | ) | |
|       Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Albert O. Davis, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Two dispositive motions are currently pending before the Court: Defendant Franklin's Motion for Summary Judgment [Doc. #18], to which Plaintiff has responded [Doc. ##29 and 33], and a Motion to Dismiss/Motion for Summary Judgment filed on behalf of Defendants Davis, Brooks, McKinzie, Deanne, Goodson, Williams and Wall [Doc. #43], to which Plaintiff has responded [Doc. ##45-46]. The Oklahoma Department of Corrections (DOC) has filed a Special Report [Doc. #19]. It is recommended that Defendants' motions for summary judgment be granted on the basis that Plaintiff has failed to exhaust his administrative remedies.[1]

---

[1] Defendant Stanford has not been served. Plaintiff identifies Defendant Stanford as one of the unit team members. Complaint at 3. Plaintiff does not, however, make any specific allegations

(continued...)

## I. Background

At all times relevant to this action, Plaintiff was incarcerated in the Oklahoma State Reformatory (OSR). On August 13, 2008, Plaintiff was temporarily moved to another facility so that he could attend a court hearing in Osage County. On August 19, 2008, Plaintiff was returned to OSR.

Plaintiff has chronic high blood pressure. He states that when he returned to OSR, his personal property, which had been removed from his cell when he was transferred to Osage County, had not yet been returned to his cell. According to Plaintiff, his blood pressure medication was with his personal property. Plaintiff states that upon his return to OSR, he read a letter indicating that his newborn baby daughter was suffering from a very serious heart condition. Plaintiff states that after reading the letter, he began to feel the effects of his high blood pressure. Plaintiff contends that he did not have his blood pressure medication and that he sought to get his medication returned to him. According to Plaintiff, he was deprived of his blood pressure medication for three days. Complaint at 2-7.

## II. Plaintiff's Claim

Plaintiff contends that Defendants' failure to immediately provide him with blood pressure medication constitutes deliberate indifference to his serious medical needs in

---

[1](...continued)
against Defendant Stanford in his Complaint. Moreover, the record before the Court demonstrates that Plaintiff has not exhausted his administrative remedies as to any of his claims. It is therefore recommended that the claims against Defendant Stanford be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (regarding plaintiffs proceeding *in forma pauperis*) for failure to state a claim upon which relief may be granted.

2

violation of his Eighth Amendment right to be free of cruel and unusual punishment. He further alleges that Defendants' actions violated an employee code of conduct.

## III. Analysis

Defendants have raised the affirmative defense that Plaintiff has failed to exhaust administrative remedies as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (failure to exhaust administrative remedies is an affirmative defense under the PLRA). Defendants have attached materials outside the pleadings in support of their affirmative defense. The Special Report also includes materials that have been considered by this Court. Therefore, both motions are treated as motions for summary judgment. *See* Fed. R. Civ. P. 12(d); 56.

### A. Standard of Review

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). To defeat a motion for summary judgment, evidence must be based on more than mere speculation, conjecture or surmise. *Rice v. United States*, 166 F.3d 1088, 1091-1092 (10th Cir. 1999). Moreover, the existence of a factual issue does not preclude entry of summary

judgment where there is no evidence to support a dispute on that issue or the evidence is so one-sided that no reasonable juror could find for the other side. *True v. United States*, 190 F.3d 1165, 1177 (10th Cir. 1999).

### B. Failure to Exhaust Administrative Remedies

The grievance procedure formulated by the DOC governs Plaintiff's exhaustion of administrative remedies. *See* Defendant Franklin's Motion for Summary Judgment, Attachment 1, Inmate/Offender Grievance Process (Grievance Process). The Grievance Process requires inmates to seek informal resolution of a complaint by talking with the appropriate official within three days of the incident. *See* Grievance Process, ¶ IV(A). If the inmate does not receive the requested relief, he must then submit a Request to Staff within seven days of the incident. *Id.* ¶ IV(B). If the inmate does not receive a response to his Request to Staff within 30 days, he may file a grievance to the reviewing authority with evidence of submitting the Request to Staff to the proper staff member. The grievance must be limited to the issue of the lack of response to the request to staff. *Id.* ¶ IV(B)(7). If the complaint is not resolved informally, the inmate may then submit a formal grievance. *Id.* ¶ V. The inmate may appeal an unfavorable response to the grievance. *Id.* ¶ VII. The disposition of this appeal by the administrative review authority concludes the administrative process. *Id.* ¶ VII(D)(1).

The record before the Court demonstrates that Plaintiff did not properly follow the steps outlined in the Grievance Process. In his Complaint, Plaintiff states that he "exhausted all remedy [sic]" by submitting a grievance to Defendant Franklin and by submitting an

4

appeal to Debbie L. Morton, the Director's Designee for handling grievance appeals. Complaint at 13. In an Affidavit included in the Special Report, Defendant Franklin states that he received and reviewed Plaintiff's grievance dated August 29, 2008, and returned the grievance to Plaintiff the same day. Special Report, Attachment 11. The Special Report contains a copy of a memorandum from Defendant Franklin advising Plaintiff that he must attempt to resolve his complaint first by talking to his case manager and then by submitting a Request to Staff. Special Report, Attachment 12 at 3. Plaintiff's appeal, submitted to the Director's Designee, was returned to Plaintiff unanswered because the proper procedures had not been followed. *See* Special Report, Attachment 12 at 1.

In his Response to the dispositive motion submitted by Defendants Davis, Brooks, McKinzie, Deanne, Goodson, Williams and Wall [Doc. #45], Plaintiff states for the first time that he had submitted requests to staff to Defendants Franklin and Williams which were not answered:

> Plaintiff did try to exhaust his administrative remedies, but could not do so because Franklin and Williams would not return Plaintiff's Request to Staffs [sic] contrary to established DOC policy.

Response at 1.[2] This statement is contradicted by the record. First, Plaintiff states in his Complaint only that he filed a grievance with Warden Franklin and an appeal to Debbie Morton. Complaint at 13. He does not mention filing requests to staff that were not answered or returned. Second, the one grievance submitted to Defendant Franklin supports

---

[2] A Request to Staff should generally be addressed to unit staff members. *See* Grievance Process ¶ IV(B)(1). Defendant Franklin is the Warden of OSR and is not, therefore, an appropriate person to whom a Request to Staff should be submitted.

5

Defendant Franklin's assertion that Plaintiff had failed to pursue informal resolution of his problem before resorting to a formal grievance. In describing the informal action taken to resolve his complaint, Plaintiff wrote:

> Their acts are irreparable, however, the complaint is against unit manger [sic] and case manager. Therefore it is futile in seeking relief from the above.

Special Report, Attachment 12 at 2. Plaintiff's belief that pursuing informal relief would be futile does not excuse him from completing each step of the Grievance Process. The Supreme Court has stressed that it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). Thus, "[e]ven where the 'available' remedies would appear to be futile . . . the prisoner must exhaust the administrative remedies available." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Finally, Plaintiff has not demonstrated that he filed a grievance based on Defendants Franklin and Williams' having failed to respond to the Requests to Staff Plaintiff allegedly submitted, a step required by the Grievance Process.

It is recommended that the Defendants' motions for summary judgment [Doc. ##18, 43] be granted on the basis that Plaintiff has failed to exhaust his administrative remedies.

## **RECOMMENDATION**

It is recommended that Defendant Franklin's Motion for Summary Judgment [Doc. # 18] and the Motion to Dismiss/Motion for Summary Judgment filed on behalf of Defendants Davis, Brooks, McKinzie, Deanne, Goodson, Williams and Wall [Doc. #43] be

granted and that summary judgment be entered in favor of these Defendants. It is further recommended that the claims against Defendant Stanford be dismissed *sua sponte* for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by December 21st, 2009. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

### STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 30th day of November, 2009.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE