**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALBERT O. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-09-114-D |
| | ) | |
| WARDEN ERIC FRANKLIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brought this action

pursuant to 42 U. S. C. § 1983, alleging that the defendants violated his constitutional rights. In

accordance with 28 U. S. C. § 636(b)(1)(B) and (C), the matter was referred to United States

Magistrate Judge Valerie K. Couch for initial proceedings.

Defendant Franklin filed a Motion for Summary Judgment [Doc. No. 18], and the remaining

defendants jointly filed a Motion to Dismiss or for Summary Judgment [Doc. No. 43]. Plaintiff

responded to both motions. On November 30, 2009, the Magistrate Judge filed a Report and

Recommendation [Doc. No. 47] in which she recommended that both motions, construed as

summary judgment motions, be granted because the undisputed facts in the record before the Court

reflect that Plaintiff failed to exhaust his administrative remedies prior to filing this action. Because

Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

Plaintiff's constitutional claims are based on his contention that Defendants violated his

Eighth Amendment rights because they were deliberately indifferent to his serious medical needs

while he was incarcerated at the Oklahoma State Reformatory ("OSR"). Following a temporary

transfer, he returned to OSR and found that his personal property, including blood pressure

medication, had been removed from his cell. He alleges that he sought the return of his medication,

and did not receive it for three days. Plaintiff alleges that Defendants' failure to immediately return his medication constitutes deliberate indifference to his serious medical needs. He also contends these actions violated an employee code of conduct.

In response to the Complaint, Defendants asserted the affirmative defense that Plaintiff failed to exhaust the administrative remedies required by the Prisoner Litigation Reform Act, 42 U. S. C. § 1997c(a) ("PLRA"). The PLRA provides, in pertinent part, that a prisoner basing a claim on prison conditions must exhaust all available remedies prior to filing suit to assert his claim. The Magistrate Judge determined that, because the movants had attached material outside the scope of the pleadings in support of their motions, both motions should be treated as seeking summary judgment.

In the Report and Recommendation, the Magistrate Judge explained the standards governing summary judgment, and she discussed in detail the material undisputed facts in the record. That discussion accurately reflects the facts in the record, and need not be repeated here. She concluded that the undisputed material facts regarding Plaintiff's administrative complaint concerning the return of his medication established that he did not properly follow the steps outlined in the Inmate/Offender Grievance Process ("Grievance Process"), which provides the administrative remedies available to OSR inmates. She thoroughly and accurately cited the documents in the record which establish the facts related to Plaintiff's complaint. She noted that, in his response to the joint motion of Defendants Davis, Brooks, McKinzie, Deanne, Goodson, Williams and Wall, Plaintiff argued that he attempted to exhaust the remedies set forth in the Grievance Process, but that Defendants Franklin and Williams failed to return documents to him so that he could pursue the next steps in the process.

The Magistrate Judge examined the record and concluded that Plaintiff's allegation in this regard is directly contradicted by the record. She noted that Plaintiff had never alleged this purported failure, and pointed to no evidence in the record to support his belated argument. Although Plaintiff also argued that exhausting his remedies would be futile, the Magistrate Judge correctly noted that the Supreme Court has held that it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). As she also noted, the Tenth Circuit has held that even if the available remedies appear to be futile, the inmate must nevertheless take the necessary steps to exhaust those remedies prior to filing suit. *Jernigan v. Stuchell*, 304 F. 3d 1030, 1032 (10th Cir. 2002).

In his objection to the Report and Recommendation, Plaintiff again argues he received no response to his grievance, but fails to cite any evidence supporting that argument. As the Magistrate Judge concluded, however, the evidence of record negates this contention. Furthermore, summary judgment cannot be avoided by conclusory allegations; Plaintiff must present evidence to support those allegations. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In this case, Plaintiff has failed to do so, and the undisputed material facts in the record establish that Defendants are entitled to judgment.[1]

---

[1]As the Magistrate Judge noted in the Report and Recommendation, Defendant Stanford is named in the Complaint as one of the unit team members; however, Plaintiff directs no specific allegations to Defendant Stanford, who has never been served with summons and the Complaint. Because any claims that could be asserted against Defendant Stanford are also subject to the exhaustion of remedies requirement of the PLRA and because Plaintiff asserted no allegations against Stanford, the Magistrate Judge recommended that the claims against her be dismissed *sua sponte* pursuant to 28 U. S. C. § 1915(e)(2)(B)(ii), for failure to state a claim against Defendant Stanford upon which relief may be granted. The Court agrees and further concludes that the dismissal should be with prejudice because the allegations in the Complaint fail to present facts to show Defendant Stanford personally participated in the conduct on which the claims were based. Personal participation is a requisite element of a § 1983 claim. *Gallagher v. Shelton*, 587 F. 3d 1063, 1069 (10th Cir. 2009). The record before the Court establishes no facts on which Plaintiff could assert that Defendant Stanford personally participated in the violation of Plaintiff's rights, even if he had exhausted his administrative remedies on that claim. The Court thus concludes that allowing Plaintiff to amend to attempt to state a claim against her would be futile. *See, e.g., Holden v. Dinwiddie*, 2009 WL 2475183, at *2 (10th Cir. Aug. 13, 2009)(unpublished opinion)(citing *Gaines v. Stenseng*, 292 F. 3d 1222, 1224 (10th Cir. 2002)).

Having reviewed the record, the findings and conclusions in the Report and Recommendation, and Plaintiff's objections, the Court concludes that the Report and Recommendation [Doc. No. 47] should be, and is, adopted as though fully set forth herein. The motions filed by Defendants [Doc. Nos. 18 and 43] are granted. Judgment shall enter in favor of Defendants and against Plaintiff. The claims asserted against Defendant Stanford are dismissed with prejudice in accordance with 28 U. S. C. §1915(e)(2)(B)(ii), for failure to state a claim against Defendant Stanford upon which relief may be granted.

IT IS SO ORDERED this 20th day of January, 2010.


TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE